**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **FORWARD THINKING TRACKING, LLC,** | **Civil Action No. _____** |
| *Plaintiff,* | |
| **v.** | **JURY TRIAL DEMANDED** |
| **STANLEY BLACK & DECKER, INC. AEROSCOUT, LLC, EXLOC INSTRUMENTS, INC., IOEWORX CORP., VIZZIA TECHNOLOGIES, LLC, and EXTRONICS LTD.** | |
| *Defendants.* | |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq*. in which Plaintiff Forward Thinking Tracking, LLC ("FTT" or "Plaintiff") makes the following allegations against Stanley Black & Decker, Inc. ("Stanley"), AeroScout, LLC ("AeroScout"), Exloc Instruments, Inc. ("Exloc"), IoEworX Corp. ("IoEworX"), Vizzia Technologies, LLC ("Vizzia") and Extronics Ltd. ("Extronics") (collectively "Defendants").

## BACKGROUND

1.       The need to find and track objects is an age-old problem, but one that has become critical in our networked, industrial world.  In numerous industries, from warehousing to server farms to healthcare, the ability to quickly and precisely locate particular objects or persons is essential to an efficient and profitable venture.  Without the ability to find and track objects or people quickly and easily, companies must waste valuable resources ensuring they receive accurate location information.  Inventory can easily be lost or stolen without accurate tracking technology.

2.      U.S. Patent No. 6,989,741 ("the '741 patent") teaches specific methods or systems for tracking objects.  The '741 patent discloses novel interactions between an electronic tag and base stations that employ both low and high radio frequencies and triangulation to precisely locate objects.

3.      At the time the inventions disclosed in the '741 patent were conceived, assets were often tracked, if at all, using optical scanners and bar codes. Optical tags benefited from simplicity, but have significant drawbacks.  For instance, they need to be in plain view to be read and only one code can be read at a time.  Bar codes are also read-only, and scanning codes on an object does little or nothing to assist with locating an object, especially in real-time.

4.      Additionally, simple Radio Frequency Identification ("RFID") tags were used at this time to track objects.  These tags could be activated when they passed through an "interrogator", reading the tags.  But these too had significant limitations.  For example, the range at which these tags could be read was often quite short.  More problematically, to provide a precise location of an object, the tag had to pass through an interrogator.  Thus, real-time locating of an object was still a difficult proposition.

5.      In the early 2000s, Messrs. Kenny, Chawla, Pacsai, Szasz, Gilling, and Marquardt devised unique systems and methods for tracking objects.  The inventors recognized that using frequencies of different lengths along with triangulation allowed an object to be located with more resolution than had otherwise been possible.

6.      Companies, including the Defendants, adopted the inventions disclosed in the '741 patent.

### U.S. PATENT NO. 6,989,741

7.      Plaintiff is the owner by assignment of the '741 patent.  The '741 patent is entitled "Object Tracking."  The '741 patent issued on January 24, 2006, based on a patent application filed on August 7, 2002. A true and correct copy of the '741 patent is attached hereto as Exhibit A.

## PARTIES

8.      Plaintiff Forward Thinking Tracking, LLC is a limited liability company organized and existing under the laws of the State of Texas.

9.      On information and belief, Defendant Stanley Black & Decker Inc. is a Connecticut corporation with its principal place of business at 1000 Stanley Drive New Britain, CT 06053 and may be served with process by delivering a summons and a true and correct copy of this complaint to its registered agent for receipt of service of process, Corporation Service Company, 50 Weston St., Hartford, CT 06120.

10.      On information and belief, Defendant AeroScout, LLC is a Delaware limited liability corporation with its principal place of business at 1300 Island Drive, Suite 202, Redwood City, CA 94065 and may be served with process by delivering a summons and a true and correct copy of this complaint to its registered agent for receipt of service of process, Corporation Service Company, 2711 Centerville Rd., Ste. 400, Wilmington, DE 19808.

11.      On information and belief, Defendant Exloc Instruments, Inc. is a Virginia corporation with its principal place of business at 19006 Crossroad Parkway, Culpeper, VA 22701, and may be served with process by delivering a summons and a true and correct copy of this complaint to its registered agent for receipt of service of process, Hadrian K Jones, 6150 Waterford Rd., Rixeyville VA 22737.

12.      On information and belief, Defendant IoEworX Corp. is a Texas corporation with its principal place of business at 700 Louisiana Street, Suite 3950 Houston, TX 77002 and may be served with process by delivering a summons and a true and correct copy of this complaint to its registered agent for receipt of service of process, LegalInc Corporate Services, Inc., 5850 Granite Parkway, Ste. 215, Plano TX 75024.

13.      On information and belief, Defendant Vizzia Technologies, LLC is a Delaware limited liability corporation with its principal place of business at 3900 Paseo Del Sol, Santa Fe, NM 87507 and may be served with process by delivering a summons and a true and correct copy of this complaint to its registered agent for receipt of service of process, Corporation Service

Company, 2711 Centerville Rd., Ste. 400, Wilmington, DE 19808.

14.     On information and belief, Defendant Extronics Ltd. is a United Kingdom limited company with its principal place of business at 1 Dalton Way, Midpoint 18, Middlewich, Cheshire, UK CW10 0HU and may be served with process via the Hague Convention.

## JURISDICTION AND VENUE

15.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

16.     This Court has personal jurisdiction over Defendants because, among other reasons, Defendants has established minimum contacts with the forum state of Texas. Defendants, directly and/or through third-party intermediaries, make, use, import, offer for sale, and/or sell products and/or offer services within the state of Texas, and particularly within the Eastern District of Texas.  Thus, Defendants purposefully availed itself of the benefits of doing business in the State of Texas and the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.  On information and belief, IoEworX is a Texas corporation subject to personal jurisdiction in this state.  On information and belief, Stanley provides the infringing products and/or services to clients based in the forum state of Texas, including, for example, St. David's South Austin Medical Center.

17.     Venue is proper in this District under 28 U.S.C. §§ 1391 (b)-(c) and 1400(b) because Defendants is subject to personal jurisdiction in this District, has transacted business in this district and has committed acts of patent infringement in this district.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,989,741

18.     FTT references and incorporates by reference paragraphs 1 through 17 of this Complaint.

19.     Defendants make, use, sell, and/or offer for sale in the United States products and/or services for locating objects, including for example the AeroScout brand and Extronics

brand of real time locating system ("AeroScout RTLS").  Defendants offer a joint solution for various industries.  For example, Stanley distributes AeroScout products in the healthcare market.  IoEorkX distributes AeroScout products in the industrial space for Extronics.  Exloc and Vizzia also distribute the AeroScout products to multiple industries.

20.     The AeroScout RTLS system includes a number of electronic tags, including for example the T14, T12, T3s, T2s, T3, and T7, among others.  These tags each have unique IDs, which can be associated with objects to which the tags are attached.  The tags are capable of interacting with, for example, low frequency (e.g. 40 or 125 kHz), and high frequency (e.g. 2.4 GHz / WiFi) signals, including for example signals from WiFi stations and AeroScout's EX3200, EX5000, and EX4000 exciters.

21.     On information and belief, Defendants have directly infringed and continues to infringe the '741 patent by, among other things, making, using, offering for sale, and/or selling the AeroScout RTLS system.  Defendants have infringed at least claim 4, 5, 6, and 8.

22.     By making, using, offering for sale, and/or selling location tracking systems infringing the '741 patent, Defendants have injured FTT and is liable to FTT for direct infringement of the '741 patent pursuant to 35 U.S.C. § 271(a).

23.     On information and belief, Defendants also indirectly infringe the '741 patent by actively inducing infringement under 35 U.S.C. § 271(b), at least as of the date of service of this Complaint.

24.     On information and belief, Defendants have had knowledge of the '741 patent since at least service of this Complaint or shortly thereafter, and on information and belief, Defendants knew of the '741 patent and knew of its infringement, including by way of this lawsuit.

25.     On information and belief, Defendants intended to induce patent infringement by third-party customers and users of the AeroScout RTLS system and had knowledge that the inducing acts would cause infringement or was willfully blind to the possibility that its inducing acts would cause infringement.  Defendants specifically intended and was aware that the normal

and customary use of the accused products would infringe the '741 patent.  Defendants performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '741 patent and with the knowledge, that the induced acts would constitute infringement.  For example, Defendants provides the AeroScout RTLS system that has the capability of operating in a manner that infringe one or more of the claims of the '741 patent, including at least claims 4, 5, 6, and 8, and Defendants further provides documentation and training materials that cause customers and end users of the AeroScout RTLS system to utilize the product in a manner that directly infringe one or more claims of the '741 patent.  By providing instruction and training to customers and end-users on how to use the AeroScout RTLS system in a manner that directly infringes one or more claims of the '741 patent, including at least claims 4, 5, 6, and 8 Defendants specifically intended to induce infringement of the '741 patent.  On information and belief, Defendants engaged in such inducement to promote the sales of the AeroScout RTLS system, *e.g.,* through Defendants' product support, marketing materials, and training materials to actively induce the users of the accused products to infringe the '741 patent.[1]  Accordingly, Defendants have induced and continue to induce users of the accused

---

[1] *T12 Asset Tag* (last visited September 2016) available at: http://www.stanleyhealthcare.com/sites/stanleyhealthcare.com/files/documents/T12%20Asset%20Tag%20DataSheet%200971-187-000%20Rev%20A.pdf; *T2s Tag* (last visited September 2016) available at: http://www.stanleyhealthcare.com/sites/stanleyhealthcare.com/files/documents/T2s%20Tag%20Data%20Sheet%200971-093-000%20Rev%20C.pdf; *AeroScout T3 Tag* (last visited September 2016) available at: http://www.stanleyhealthcare.com/sites/stanleyhealthcare.com/files/documents/T3%20Tag.pdf; *T7a Autoclave Tag* (last visited September 2016) available at: http://www.stanleyhealthcare.com/sites/stanleyhealthcare.com/files/documents/T7a%20Autoclavable%20Tag.pdf; *T14 Patient and Staff Badge* (last visited September 2016) available at: http://www.stanleyhealthcare.com/sites/stanleyhealthcare.com/files/documents/T14%20Badge%20Data%20Sheet.pdf; *T3s Staff Badge* (last visited September 2016) available at: http://www.stanleyhealthcare.com/sites/stanleyhealthcare.com/files/documents/0971-196-000%20Rev%20A_T3s_Staff_Badge_Data_Sheet.pdf; *Tag & Exciter Detector Device (TED)* (last visited September 2016) available at: http://www.stanleyhealthcare.com/sites/stanleyhealthcare.com/files/documents/0971-231-000%20Rev%20A%20Tag%20%26%20Exciter%20Detector%20TED%20Data%20Sheet.pdf; *AeroScout Exciter* (last visited September 2016) available at: http://www.aeroscout.com/files/AeroScout%20Exciter%20Data%20Sheet.pdf; *AeroScout Ex4000 Series Ultrasound Exciters* (last visited September 2016) available at: http://www.stanleyhealthcare.com/sites/stanleyhealthcare.com/files/documents/EX4000%20Exci

product to use the accused product in its ordinary and customary way to infringe the '741 patent, knowing that such use constitutes infringement of the '741 patent.

26.     To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '741 patent.

27.     As a result of Defendants' infringement of the '741 patent, FTT has suffered monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief from this Court:

A.     A judgment that Defendants have infringed one or more claims of the '741 patent;

B.     An award of damages resulting from Defendants' acts of infringement in accordance with 35 U.S.C. § 284;

C.     A judgment and order requiring Defendants to provide accountings and to pay supplemental damages to FTT, including, without limitation, prejudgment and post-judgment interest; and

D.     Any and all other relief to which FTT may show itself to be entitled.

---

ter.pdf; *Low Frequency Exciters* (last visited September 2016) available at: http://www.stanleyhealthcare.com/sites/stanleyhealthcare.com/files/documents/EX4000%20Exciter.pdf; *Solution Overview: Asset Management* (last visited September 2016) available at: http://www.stanleyhealthcare.com/sites/stanleyhealthcare.com/files/documents/DOC-12-85007-AF_Asset%20Management%20Solution%20Overview.pdf; *RFID Tags* (last accessed September 2016) available at: http://www.ioeworx.com/#!aeroscout-tags/c1chd; *T2 Wi-Fi RFID Tags* (last accessed September 2016) available at: http://www.ioeworx.com/#!t2-tag-details/cxzv; *T2 and Tags* (last accessed September 2016) available at: http://www.ioeworx.com/#!t2-tags/v72ki; *AeroScout T2s Tags* (last accessed September 2016) available at: http://www.ioeworx.com/#!t2s-tags/t5sbq; *T2-EB Wi-Fi RFID Tags* (last accessed September 2016) available at: http://www.ioeworx.com/#!t2-eb-industrial-tags/gjkg5; *Wi-Fi Compatible T3 RFID Tags* (last accessed September 2016) available at: http://www.ioeworx.com/#!t3-tags/c1hmh; *Infrastructure* (last accessed September 2016) available at: http://www.ioeworx.com/#!infrastructure/c1wrn; *RFID Tags – The AeroScout Technology Difference* (last accessed September 2016) available at: http://www.ioeworx.com/#!the-aeroscout-difference/cs4a; *People & Asset Tracking in Hazardous Locations* (last accessed September 2016) available at: http://www.exloc.com/product/people-asset-tracking-in-hazardous-locations/; *AeroScout* (last accessed September 2016) available at http://vizziatech.com/aeroscout/.

**JURY TRIAL DEMANDED**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, FTT requests a trial by jury of any issues so triable by right.

Dated: October 17, 2016

Respectfully submitted,

*/s/ Eric B. Hanson*

Elizabeth L. DeRieux
TX Bar No. 05770585
D. Jeffrey Rambin
TX Bar No. 00791478
CAPSHAW DERIEUX, LLP
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone: 903-845-5770
E-mail: ederieux@capshawlaw.com
E-mail: jrambin@capshawlaw.com

Dorian S. Berger (CA SB No. 264424)
Daniel P. Hipskind (CA SB No. 266763)
Eric B. Hanson (CA SB No. 254570)
Berger & Hipskind LLP
1880 Century Park East, Ste. 815
Los Angeles, CA 90067
Telephone: 323-886-3430
Facsimile: 323-978-5508
E-mail: dsb@bergerhipskind.com
E-mail: dph@bergerhipskind.com
E-mail: ebh@bergerhipskind.com

*Attorneys for Forward Thinking
Tracking, LLC*